**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
SOUTHERN DIVISION**

| | |
|---|---|
| Fusion Capital 1, LLC<br>2803 16th Road South<br>Arlington, VA 22204<br><br>and<br><br>Fusion Capital 2, LLC<br>2803 16th Road South<br>Arlington, VA 22204<br><br>  Plaintiffs<br><br>v.<br><br>JB Brothers, Inc.<br>8539 West Sunset Boulevard #5<br>West Hollywood, California 90069<br><br>and<br><br>Jason Park, Principal and Founder<br>JB Brothers Inc.<br>8539 West Sunset Boulevard #5<br>West Hollywood, California 90069<br><br>and<br><br>Jeong Hi Ju, Principal and Founder<br>JB Brothers Inc.<br>8539 West Sunset Boulevard #5<br>West Hollywood, California 90069<br><br>and<br><br>Yoon Ho Ju, President<br>JB Brothers Inc.<br>8539 West Sunset Boulevard #5<br>West Hollywood, California 90069<br><br>  Defendants | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)  Civil Action No. 1:19-cv-02947<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## **COMPLAINT**

### **Parties**

1. Plaintiff Fusion Capital 1 LLC ("Fusion Capital 1") is a Virginia limited liability company with its principal place of business located at 2803 16th Road South, Arlington, Virginia 22204.

2. Plaintiff Fusion Capital 2 LLC ("Fusion Capital 2" and collectively "Plaintiffs") is a Virginia limited liability company with its principal place of business located at 2803 16th Road South, Arlington, Virginia 22204.

3. Defendant JB Brothers, Inc. ("JB Brothers") is a California corporation with its principal place of business located at 8539 West Sunset Boulevard #5, West Hollywood, California 90069.

4. Defendant Yoon Ho Ju is the President of JB Brothers and personally made the offer to sell a Poke Bar franchise to Plaintiffs.

5. Defendant Jason Park is a Principal and Founder of JB Brothers. Defendant Park is jointly and severally liable for the acts and omissions alleged in this Complaint because he (a) directly or indirectly controls the persons liable under the Maryland Franchise Registration and Disclosure Law and the Virginia Retail Franchising Act and (b) because he is a Principal and Founder of JB Brothers.

6. Defendant Jeong Hi Ju is a Principal and Founder of JB Brothers. Defendant Ju is jointly and severally liable for the acts and omissions alleged in this Complaint because he (a) directly or indirectly controls the persons liable under the Maryland Franchise Registration and Disclosure Law and the Virginia Retail Franchising Act and (b) because he is a Principal and Founder of JB Brothers.

7. Together, Defendants JB Brothers, Yoon Ho Yu, Jason Park and Jeong Hi Ju may be

referred to collectively as "Defendants".

## Jurisdiction and Venue

8. Plaintiffs re-allege and reincorporate herein the allegations of Paragraphs 1-7, above.

9. Subject matter jurisdiction over this matter lies with this court pursuant to 28 U.S.C. sec. 1332 in that there is complete diversity of citizenship between the parties and the amount in controversy exceeds $75,000 exclusive of interest and costs.

10. Venue is proper in the District of Maryland under 28 U.S. C. sec. 1391(b)(2) in that a substantial part of the events or omissions giving rise to the claim occurred in the state of Maryland.

11. Further, the Maryland Franchise Registration and Disclosure Law provides that Plaintiffs may bring a lawsuit in Maryland for claims arising under the Maryland Franchise Registration and Disclosure Law.

## FACTS

12. Plaintiffs re-allege and reincorporate herein the allegations of Paragraphs 1-11, above.

13. Plaintiffs are separate and distinct companies of which Ramez Wissa has at all times been the majority owner.  Mr. Wissa was, at all times relevant to the allegations set forth in this Complaint, a resident of the state of Maryland.

14. JB Brothers, Inc. is a franchisor and the owner of the trade name and service mark Poke Bar and related intellectual property and is the franchisor of Poke Bar restaurants in the United States under the trade name "Poke Bar".

15. Fusion Capital 1 owns and operates a Poke Bar franchised business located in Rosslyn, Virginia under a Franchise Agreement with JB Brothers dated October 15, 2016.  The Franchise Agreement is attached as Exhibit A.

16. Fusion Capital 1 also owned and operated a second Poke Bar franchised business located in Fairfax, VA under the same Franchise Agreement with JB Brothers. The Fairfax franchised business recently closed.

17. Fusion Capital 2 is a Regional Developer of the Poke Bar brand in the Washington, DC metropolitan area under a Regional Development Agreement with JB Brothers dated October 15, 2016. The Regional Developer Agreement is attached as <u>Exhibit B</u>.

18. Prior to purchasing the franchise, Fusion Capital 1 had several face-to-face meetings with Poke Bar's executives at which the parties discussed the purchase of a Poke Bar franchise. These meetings constitute a "first personal meeting" under the Maryland Franchise and Disclosure Law, the Virginia Retail Franchising Act, and the Federal Trade Commission Franchise Rule.

19. As of October 15, 2016, or at any time prior to that, Defendant JB Brothers was not registered to sell franchises with either the state of Maryland or the commonwealth of Virginia.

20. Because Defendants failed to register the Franchise Disclosure Document ("FDD") with the states of Virginia or Maryland, Defendants did not have on file with either state a properly registered FDD, as required by Virginia and Maryland law.

21. At no time during the sales process or at the time the parties executed the Franchise Agreement and Regional Development Agreement did Defendants disclose the FDD to Plaintiffs, as required by Virginia and Maryland law.

22. During the franchise sales process, JB Brothers provided Plaintiffs with information regarding past performance of corporate and franchised locations, projected costs, expenses, revenue and profits expected to be earned by Plaintiffs once the units opened,

despite not providing an FDD to Plaintiffs. Making such an earnings claim is a violation of the Maryland Franchise and Disclosure Law, the Virginia Retail Franchising Act and the Federal Trade Commission Franchise Rule.

## COUNT I
## VIOLATION OF THE
## <u>VIRGINIA RETAIL FRANCHISING ACT</u>

23. Plaintiffs re-allege and reincorporate herein the allegations of Paragraphs 1-22, above.

24. The offer or sale of an unregistered franchise in Virginia is a prohibited act under the Virginia Retail Franchising Act, Code Sec 13.1-560 et al. (the "Virginia Franchise Act").

25. The Virginia Franchise Act provides that a franchisor may not sell a franchise in the state without first giving a prospective franchisee a copy of the FDD and a copy of the franchise agreement at the earliest of 14 days prior to signing a franchise agreement or making any payment to the franchisor.

26. Section 13.1-563 of the Virginia Franchise Act makes it unlawful for a franchisor, in connection with the offer or sale of a franchise in Virginia, to: 1) make any untrue statement of a material fact, 2) to omit to state a material fact necessary in order to avoid misleading the offeree, 3) to engage in any transaction, practice, or course of business that operates or would operate as a fraud or deceit upon the franchisee.

27. JB Brothers made several representations of financial performance of its corporate and franchised locations in violation of Virginia law, including providing a profit & loss statement to Plaintiffs.

28. Defendants have violated the Virginia Franchise Act by offering and selling a Poke Bar franchise to Fusion Capital 1:

- Without first registering the franchise offer with the state of Virginia

       Division of Securities and Retail Franchising;

- Omitting to state a material fact necessary in order to avoid misleading Plaintiffs;
- Engaging in a transaction that operated as a fraud or deceit upon the franchisee;
- Failing to provide the FDD to Fusion Capital 1 atleast 14 days before the execution of the Franchise Agreement and Regional Development Agreement;
- Providing unauthorized and unverified financial information of monthly sales from other franchised and corporate locations outside the requirements and instructions found in the Virginia Franchise Act.

**COUNT II
VIOLATION OF THE
<u>MARYLAND FRANCHISE REGISTRATION AND DISCLOSURE LAW</u>**

29. Plaintiffs re-allege and reincorporate herein the allegations of Paragraphs 1-28, above.

30. The offer and or sale of an unregistered franchise in Maryland is a prohibited act under the Maryland Franchise and Disclosure Law, Md. Code Ann., Bus. Reg. § 14-201, *et seq*. (the "Maryland Franchise Law").

31. Pursuant to Section 14-203 (b)(1)(ii) of the Maryland Franchise Law, an offer to sell is made in the state of Maryland if it "is directed by the offeror to the state and is received at the place to which it was directed."

32. The offer to sell was made by oral communications as well as written communications directed to and received by Ramez Wissa ("Wissa") in Maryland.

33. Mr. Wissa formed Fusion Capital 1 and Fusion Capital 2, is the managing member of

both companies, and owns a majority interest in both companies.

34. Section 14-223 of the Maryland Franchise Registration and Disclosure Law ("Maryland Franchise Law") provides that a franchisor may not sell a franchise in the state without first giving a prospective franchisee a copy of the FDD and a copy of each proposed agreement that relates to the sale of the franchise at the earliest of: 1) the first personal meeting of the franchisor and the prospective franchisee to discuss the possible sale of the franchise; or 2) 14 days before the execution of the franchise agreement or payment of any consideration that relates to the franchise.

35. Section 14-228 states that it is a violation of the Maryland Franchise Law to sell an unregistered franchise in Maryland.

36. Section 14-229 states that it is a violation of the Maryland Franchise Law to make an untrue statement of material fact or omit a statement of material fact in the sale of a franchise in Maryland.

37. Section 14-227 (a)(1)(i) of the Maryland Franchise Law creates a private right of action making a person who sells or grants a franchise civilly liable to the person who buys or is granted a franchise if the person who sells or grants the franchise "without the offer of the franchise being registered . . ."

38. Section 14-227 (a)(1)(ii) of the Maryland Franchise Law creates a private right of action against any person who sells or grants a franchise by means of an untrue statement of a material fact or any omission to state a material fact necessary in order to make the statements made.

39. Section 14-227 (d) of the Maryland Franchise Law provides that joint and several liability extends to each person who directly or indirectly controls a person liable under

the statute, each principal officer or director of a corporation liable under the statute, and to each employee of a person liable under the statute if the employee materially aids in the act or transaction that is a violation of the statute.

40. JB Brothers made several representations of financial performance of its corporate-owned locations in violation of Maryland law, including providing a profit & loss statement to Plaintiffs.

41. Defendants have violated the Maryland Franchise Law by:

- Selling a franchise to Fusion Capital 1 without first providing the FDD atleast 14 days before the execution of the Franchise Agreement and Regional Development Agreement;
- Selling an unregistered franchise in Maryland;
- Omitting a statement of material fact in the sale of a franchise in Maryland;
- Providing unauthorized and unverified financial information of monthly sales from other franchised and corporate locations outside the requirements and instructions found in the Maryland Franchise Law.

## COUNT III
## FRAUD, OR IN THE ALTERNATIVE, WILLFUL MISREPRESENTATION

42. Plaintiffs re-allege and reincorporate herein the allegations of Paragraphs 1-41, above.

43. In the sale of the franchised business to Fusion Capital 1 in October, 2016, Defendants failed to disclose the FDD to Fusion Capital 1.  By doing so, Defendants omitted the disclosure of vital information to Plaintiff.

44. Such an omission is fraudulent misrepresentation, or in the alternative, willful

misrepresentation.

## COUNT IV
## COMMON LAW FRAUD IN THE INDUCEMENT

45. Plaintiffs re-allege and reincorporate herein the allegations of Paragraphs 1-44, above.

46. Defendants unlawfully provided earnings claims to Plaintiffs and in doing so materially misrepresented the initial startup costs, expenses, revenue and sales to Plaintiffs.

47. The misrepresentations of material fact were made for the purpose of inducing Plaintiffs to buy franchises to operate multiple Poke Bar units, as well as to enter into a Regional Development Agreement in order to develop the Washington, DC metropolitan area.

48. Plaintiffs had a right to rely upon these misrepresentations, and did in fact rely upon the misrepresentation by raising capital, entering into leases for the real estate, purchasing furniture, fixtures and equipment, paying initial franchise fees and incurring substantial other obligations that it would not otherwise have incurred.

49. As a result of these misrepresentations, Plaintiffs have incurred substantial damages.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays:

50. That this Court enter an Order of Rescission requiring Defendants to return all consideration received in connection with the sale of the franchises to Plaintiffs, including the return of all initial fees, royalties, advertising fees and other monies collected from Plaintiffs; and,

51. That this Court enter an Order of Rescission requiring Defendants to return all consideration received in connection with the grant of regional development rights to Plaintiffs, including the return of all initial fees and other monies collected from Plaintiffs; and,

52. That this Court enter an Order requiring Defendants to reimburse Plaintiffs for all capital invested in the Rosslyn, VA and Fairfax, VA franchised businesses, and to relieve Plaintiffs and indemnify Plaintiffs from liability for all obligations incurred as a result of the operation of the franchises; and,

53. That this Court grant Plaintiffs' judgment against all Defendants, jointly and severally, for compensatory damages in the amount of $750,000, plus interest and the cost of these proceedings, including reasonable attorneys' fees; and,

54. For such other relief that the Court may deem just.

Respectfully submitted,

/s/
Raymond Thomas McKenzie, Jr.
Fed. Bar No. 17726
60 Market Street, Suite 205
Gaithersburg, MD 20878
(301) 330-6790
Fax (301) 977-9018
Ray@mckenzie-legal.com