|  |  |
|---|---|
| Chambers of<br>**GEORGE L. RUSSELL, III**<br>United States District Judge | 101 West Lombard Street<br>Baltimore, Maryland 21201<br>410-962-4055 |

April 13, 2020

MEMORANDUM TO COUNSEL RE:  Fusion Capital 1, LLC, et al. v. JB Brothers, Inc., et al.
Civil Action No. GLR-19-2947

Dear Counsel:

Pending before the Court is Defendants JB Brothers, Inc., Jason Park, Jeong Hi Ju, and Yoon Ho Ju's (collectively, "JB Brothers") Motion to Dismiss. (ECF No. 15). The Motion is ripe for disposition, and no hearing is necessary. See Local Rule 105.6 (D.Md. 2018). For the reasons outlined below, the Court will grant the Motion.

JB Brothers is a California corporation that owns the trade name and service mark for "Poke Bar." (Compl. ¶ 14, ECF No. 1).[1] JB Brothers franchises Poke Bar restaurants throughout the United States. (Id.). Plaintiff Fusion Capital 1, LLC owned and operated Poke Bar franchises in Rosslyn, Virginia and Fairfax, Virginia pursuant to a 2016 franchise agreement with JB Brothers (the "Franchise Agreement"). (Id. ¶¶ 15–16). Plaintiff Fusion Capital 2, LLC is a regional developer of the Poke Bar brand in Washington, D.C. as authorized under a 2016 regional developer agreement with JB Brothers (the "Regional Developer Agreement"). (Id. ¶ 17). Both the Franchise Agreement and the Regional Developer Agreement contain mandatory arbitration clauses. (Compl. Ex. A ["Franchise Agreement"] ¶ 32.1, ECF No. 1-1; Compl. Ex. B ["Regional Developer Agreement"] ¶ 22.7, ECF No, 1-2).

On October 8, 2019, Fusion Capital 1, LLC and Fusion Capital 2, LLC (together, "Fusion") filed suit against JB Brothers, alleging: violation of the Virginia Retail Franchising Act ("VRFA"), Va. Code Ann. § 13.1-557, et seq. (Count I); violation of the Maryland Franchise Registration and Disclosure Law ("Maryland Franchise Law"), Md. Code Ann., Bus. Reg. ["B.R."] § 14-201, et seq. (Count II); fraud, or alternatively, willful misrepresentation (Count III); and common law fraud in the inducement (Count IV). (Compl. ¶¶ 23–49). Specifically, Fusion alleges that JB Brothers was not registered to sell franchises in Maryland or Virginia and that JB Brothers failed to make certain disclosures as required under Maryland and Virginia law. (Id. ¶¶ 18–19, 21–22). Fusion seeks compensatory damages. (Id. at 9–10).

---

[1] Unless otherwise noted, the Court takes the facts from Plaintiffs Fusion Capital 1, LLC and Fusion Capital 2, LLC's Complaint (ECF No. 1).

On November 11, 2019, JB Brothers filed a Motion to Dismiss, arguing that Fusion's claims are subject to arbitration. (ECF No. 15). On December 13, 2019, Fusion filed an Opposition. (ECF No. 18). JB Brothers filed a Reply on January 3, 2020. (ECF No. 21).

The Court typically evaluates motions to dismiss premised on arbitration agreements under Federal Rule of Civil Procedure 12(b)(3), which governs improper venue. See, e.g., Stone v. Wells Fargo Bank, N.A., 361 F.Supp.3d 539, 548–49 (D.Md. 2019); In re Titanium Dioxide Antitrust Litig., 962 F.Supp.2d 840, 856–57 (D.Md. 2013). "[W]hen a challenge to venue is raised, the plaintiff bears the burden of demonstrating that venue is appropriate." See Stone, 361 F.Supp.3d at 549. Where no evidentiary hearing is held, "the plaintiff need only make a prima facie showing that venue is proper." Id. (quoting CareFirst, Inc. v. Taylor, 235 F.Supp.3d 724, 732 (D.Md. 2017)). In assessing whether there has been a prima facie showing of proper venue, the Court must view the facts in the light most favorable to the plaintiff. See id. at 732; see also Aggarao v. MOL Ship Mgmt. Co., 675 F.3d 355, 366 (4th Cir. 2012).

JB Brothers contends that Fusion's claims are subject to arbitration under the Federal Arbitration Act ("FAA") because the Franchise Agreement contains a valid and enforceable arbitration provision.[2] Fusion concedes that its VRFA claim and common law fraud claims must be submitted to arbitration, but argues that the Court may entertain its Maryland Franchise Law claim because the arbitration provision is invalid under Maryland law. At bottom, the Court agrees with JB Brothers.

The FAA applies when the following four elements are met: "(1) the existence of a dispute between the parties; (2) a written agreement that includes an arbitration provision which purports to cover the dispute; (3) the relationship of the transaction, [as] evidenced by the agreement, to interstate commerce []; and (4) the failure, neglect or refusal of the [non-movant] to arbitrate the dispute." Burrell v. 911 Restoration Franchise Inc., No. CV JKB-17-2278, 2017 WL 5517383, at *3 (D.Md. Nov. 17, 2017) (citing Rota-McLarty v. Santander Consumer USA, Inc., 700 F.3d 690, 696 n.6 (4th Cir. 2012)).

These elements are satisfied here. First, the existence of a dispute between the parties is made apparent by Fusion's Complaint. See Burrell, 2017 WL 5517383, at *3. Second, the arbitration provision in the parties' Franchise Agreement covers Fusion's claims, as it plainly states that "<u>any dispute</u> between [the parties] . . . concerning this Agreement, any related agreement, the Franchise[,] or the Franchised Business that cannot be settled through negotiation or voluntary mediation, <u>will be resolved solely and exclusively by binding arbitration</u>[.]" (Franchise Agreement ¶ 32.1) (emphasis added).[3] Third, Fusion does not dispute JB Brothers'

---

[2] JB Brothers also argues that Fusion's common law fraud claims and any claims of breach under the Regional Developer Agreement are barred by the applicable statute of limitations. Because the Court will dismiss Fusion's claims for improper venue under 12(b)(3), the Court need not address this argument.

[3] Similarly, the Regional Developer Agreement provides: "<u>Any controversy or claim arising out of or relating to this Agreement</u> (including the validity of this Agreement or any of its provisions), Regional Developer's relationship with Franchisor, or Regional Developer's operation of the Regional Business, <u>will be submitted for arbitration</u>." (Regional Development

contention that the Franchise Agreement relates to interstate commerce. See Maxum Founds., Inc. v. Salus Corp., 779 F.2d 974, 978 n.4 (4th Cir. 1985) ("Where . . . the party seeking arbitration alleges that the transaction is within the scope of the [FAA], and the party opposing application of the [FAA] does not come forward with evidence to rebut jurisdiction under the federal statute, we do not read into the [FAA] a requirement of further proof by the party invoking the federal law."). And finally, Fusion's refusal to arbitrate the dispute is readily apparent, given Fusion's decision to bring suit in this Court and oppose JB Brothers' Motion to Dismiss. See Burrell, 2017 WL 5517383, at *4. As such, the FAA applies to Fusion's Maryland Franchise Law claim.

Fusion nonetheless contends that its Maryland Franchise Law claim may remain before this Court because the arbitration provision is invalid under Maryland law. In particular, Fusion contends the Maryland Franchise Law prohibits franchisors from "[w]aiving the franchisee's right to file a lawsuit alleging a cause of action arising under the Maryland Franchise Law in any court of competent jurisdiction in this State." COMAR 02.02.08.16. Moreover, Fusion argues that the Maryland Franchise Law requires every prospectus for the offer and sale of a franchise in Maryland to contain an irrevocable consent that the franchisor can be sued in the state. See B.R. § 14-216(c)(25) ("The prospectus shall include . . . an irrevocable consent to be sued in the State."). Because the parties' Franchise Agreement waives Fusion's right to file suit and lacks an irrevocable consent by JB Brothers, Fusion maintains that its claim under the Maryland Franchise Law need not be submitted to arbitration.

The decision by the United States Court of Appeals for the Fourth Circuit in Chorley Enterprises, Inc. v. Dickey's Barbecue Restaurants, Inc., 807 F.3d 553 (4th Cir. 2015) is informative here. In that case, the court clarified that the Maryland Franchise Law does not prohibit parties from mutually agreeing to arbitrate disputes between them. Id. at 567–69. Indeed, if the Maryland Franchise Law imposed an outright prohibition on arbitration, the FAA would preempt the application of the Maryland Law. Id. at 570–71. Instead, franchisees are free to waive their right to file suit in Maryland so long as the waiver is not forced or involuntary. Id. In addition, the court rejected the franchisor's argument that Maryland law required the franchise agreement to include a clause explicitly waiving the franchisor's right to arbitrate. Id. at 571.

Chorley makes clear that the arbitration provision in the parties' Franchise Agreement does not violate the Maryland Franchise Law. Like the defendants in Chorley, JB Brothers was not required to include an irrevocable consent to be sued in Maryland. Nor has Fusion plead that the arbitration provision was entered into involuntarily or by force. Furthermore, even if the arbitration provision violated the Maryland Franchise Law, "any determination that the arbitration provision[s] violate[] Maryland law must be decided first by an arbitrator, because the arbitration provision is, at least as a matter of federal law, valid." Burrell, 2017 WL 5517383, at *4. Accordingly, Fusion's claim under the Maryland Franchise Law is subject to arbitration.

Because each of Fusion's claims is subject to arbitration under the FAA, the Court finds that venue is improper. Accordingly, the Court will grant JB Brothers' Motion to Dismiss.

---

Agreement § 27.2.1) (emphasis added). Thus, to the extent Fusion asserts claims under the Regional Development Agreement, the Court reaches the same result.

For the foregoing reasons, JB Brothers' Motion to Dismiss (ECF No. 15) is GRANTED. Fusion's Complaint is DISMISSED, and the Clerk is directed to CLOSE this case. Despite the informal nature of this memorandum, it shall constitute an Order of this Court, and the Clerk is directed to docket it accordingly.

Very truly yours,

/s/

_____

George L. Russell, III
United States District Judge